**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rachael Solomon, individually and on behalf of all others similarly-situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>The Social Edge Network, Inc. (a Delaware Company); Jay Kuo, in his official and individual capacities; and Lorenzo Thione, in his official and individual capacities;<br><br>                              Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Rachael Solomon ("Ms. Solomon" or "Plaintiff"), individually and on behalf of

all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The

Ottinger Firm, P.C., as and for their Complaint in this action against Defendants The Social Edge

Network, Inc. (the "Company," "The Social Edge"); Jay Kuo ("Defendant Kuo"); and Lorenzo

Thione, ("Defendant Thione") (collectively, "Defendants"), allege upon personal knowledge and

upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1.      Plaintiffs, current and/or former female employees employed by Defendants,

bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes

identified below, against Defendants for violations of: (1) Title VII of the Civil Rights Act Of

1964 – Gender Discrimination, 42 U.S.C. § 2000e, *et seq.*; (2) Denial of Equal Pay for Equal

Work in Violation of the Fair Labor Standards Act of 1938, As Amended by the Equal Pay Act

of 1963 – 29 U.S.C. §§ 206, et seq.; (3) Gender Discrimination in Violation of New York Human

Rights Law as contained in the New York Executive Law § 296, 1(a); (4) Gender Discrimination in Violation of the New York City Human Rights Law as contained in the New York City Administrative Code § 8-107, 1(a); (5) Denial of Equal Pay for Equal Work in Violation of the New York Equal Pay Law – N.Y. Labor Law § 194; (6) Violation of Title VII – Retaliation 42 U.S.C. § 2000e-3; (7) Retaliation in Violation of the Equal Pay Act, U.S.C. § 215(A)(3); (8) Retaliation in Violation of New York Executive Law § 296; (9) Retaliation in Violation of New York City Administrative Code § 8-107, 7; (10) Retaliation in Violation of The New York Equal Pay Law; (11) Violation of New York Labor Laws § 191(3) and § 198(1)(a); (12) Aiding and Abetting Violations of the New York City HRL; and (13) Aiding and Abetting Violations of the New York State HRL.

2.      Defendants' discriminatory, retaliatory, and otherwise unlawful conduct was knowing, malicious, willful, wanton, and/or showed a reckless disregard for the Plaintiffs.

3.      Defendants' complained of conduct has caused and continues to cause Plaintiffs to suffer substantial economic and non-economic damages, severe mental anguish, and emotional distress.

4.      Plaintiff Rachael Solomon seeks to represent a class made up of all female persons who are or have been employed by Defendants in New York State during the applicable statutory period(s) of time.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a)(1), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e)-5(f), *et seq.,* as amended ("Title VII"), and the Equal Pay Act, 29 U.S.C. §§ 206, *et seq.,* and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at least part of the unlawful conduct complained of herein occurred in this District.

7.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical questions of fact and law.

8.      The administrative requirements necessary to bring this complaint have been complied with and/or will be complied with to properly satisfy all statutory requirements.

## THE PARTIES

9.      Plaintiff Rachael Solomon resides in Suffern, New York.  Ms. Solomon was employed by Defendants from on or around the Fall of 2013 through September of 2017.  At all relevant times, Plaintiff Rachael Solomon was an "employee" as defined under any relevant statute, rule or regulation.

10.      Defendant The Social Edge, a Delaware Company, is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at New York, New York.  At all relevant times, The Social Edge was an "employer" as defined under any relevant statute, rule or regulation.

11.      Defendant Jay Kuo, at all relevant times, was one of the Co-Founders of Defendant The Social Edge and, upon information and belief, is a resident of New York County, New York. At all relevant times, Defendant Kuo actively and directly participated in the unlawful conduct against Plaintiffs as alleged herein. At all relevant times, Defendant Kuo had the authority to make personnel decisions concerning Plaintiffs' work schedules, assignments, salaries, seating arrangements, and other employment benefits. He also had and continues to have, authority to discipline and terminate Plaintiffs and other employees.

12.     Defendant Lorenzo Thione, at all relevant times, was one of the Co-Founders of Defendant The Social Edge and, upon information and belief, is a resident of New York County, New York. At all relevant times, Defendant Thione actively and directly participated in the unlawful conduct against Plaintiff as alleged herein. At all relevant times, Defendant Thione had the authority to make personnel decisions concerning Plaintiff's work schedule, assignments, salary, seating arrangement, and other employment benefits. He also had and continues to have, authority to discipline and terminate Plaintiffs and other employees.

## COLLECTIVE ACTION ALLEGATIONS (EQUAL PAY ACT)

13.     Plaintiffs bring collective violations of the Equal Pay Act ("EPA") on behalf of themselves and other employees similarly situation, as authorized under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective Action:** All females who are or have been employed by Defendants at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

14.     Defendants employed Plaintiff Rachael Solomon and the members of the Collective Action during the time period relevant to the Collective Action.

15.     Defendants each meet the definition of an "employer" under any relevant statutory definition. By way of examples only, Defendants control how much the Collective Action members are paid, maintains all-time records for the Collective Action members, assigns and supervises all of the tasks given to the Collective Action members, and maintains and exercises control as to how the Collective Action members are to perform their tasks.

16.     Plaintiffs bring the Collective violation as a collective action on behalf of all members of their gender class during the liability period pursuant to 29 U.S.C. § 216(b). The EPA action includes all female employees who, (a) were not compensated equally in comparison

to males who had substantially similar job classifications, functions, families, titles and/or duties, (b) were not compensated equally to males who performed substantially similar work, and (c) who were denied promotion and advancement opportunities that would result in greater compensation in favor of lesser qualified male employees.

17.     Common questions of law and fact exist with respect to all members of the proposed Collective that predominate over any questions solely affecting individual members of the proposed Collective, including but not limited to:

      a.     Whether Defendants violated the EPA as alleged herein;

      b.     Whether Defendants unlawfully failed and continue to fail to compensate female employees in relation to their equivalent male employees;

      c.     Whether Defendants unlawfully failed to promote and advance female employees in a fashion equal in comparison to similarly qualified males;

      d.     Whether Defendants unlawfully failed to compensate female employees equally in comparison to comparable male employees in violation of the applicable provisions of the EPA;

      e.     Whether Defendants should be enjoined from continuing the unlawful practices;

      f.     What the proper measure of damages sustained by the New York Class are; and

      g.     Whether Defendants' actions were "willful."

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**New York Class:** All women employed by Defendants in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

19.     Defendants have and continue to engage in systemic gender discrimination including but not limited to (a) paying female employees less than their male counterparts; (b) denying female employees promotions and advancement opportunities in favor of male employees; (c) creating a hostile work environment for female employees; and (d) retaliating against female employees for complaining about gender discrimination.

20.     The facts as alleged in the above paragraphs with respect to the EPA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

21.     Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants formerly employed or continue to employ at least 20 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

22.     Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class.  During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to same policy and practice of gender discrimination and retaliation.

23.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in class and collective action litigation.

25.     Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

a.  Whether Defendants violated Title VII as alleged herein;

b.  Whether Defendants unlawfully compensated female employees less than similarly situated males through the use of salary, bonuses, and/or other perks;

c.  Whether Defendants unlawfully precluded or delayed the selection, assignment, and promotion of female employees into higher level jobs traditionally held by male employees;

d.  Whether Defendants unlawfully minimized, ignored, or covered up evidence of gender discrimination and harassment in the workplace and/or otherwise mishandled the investigation of and response to complaints of discrimination and harassment brought to the attention of senior management;

e.  Whether Defendants retaliated against those who have complained of gender-based discrimination; and

f.  Whether Defendants unlawfully subjected female employees to disparate treatment with respect to terms and conditions of employment, including a hostile work environment.

26.     The Class Representative's interests are co-extensive with those of the members of the proposed class which Plaintiff Solomon seeks to represent in this case. Plaintiff seeks to remedy Defendants' discriminatory employment policies, practices, and procedures so that female employees will no longer be prevented from advancing into higher-paying and/or more desirable higher-level positions. Plaintiff is willing and able to represent the proposed class fairly

and vigorously as she pursues her individual claims in this action. The combined interests, experience, and resources of Plaintiff's counsel to litigate competently the individual and class claims at issue in this case clearly satisfy the adequacy of representation requirement of Federal Rule Civil Procedure 23(a)(4).

27.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

28.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the New York Class the equal pay, promotion, and advancement opportunities to which they are entitled.  The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

29.     Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23.  The names and addresses of the New York Class are available from Defendants.

//

## INDIVIDUAL FACTUAL ALLEGATIONS

### A. Background

30.     As outlined above, Defendants employed Plaintiff Solomon from approximately the Fall of 2013 through September of 2017.  Plaintiff Solomon's initial title was Executive Coordinator, but she held other titles as well.  Plaintiff Solomon's final title was Project Manager / Video Producer.

31.     At all times during her employment, Defendants classified Plaintiff Rachael Solomon as an exempt employee entitled to the protections of the EPA and Title VII.

32.     Defendants compensated Plaintiff Solomon on a salary basis.

33.     In or around late 2015, Mr. Jay Kuo ("Mr. Kuo"), one of the Company's Co-Founders, became Plaintiff Solomon's supervisor.

34.     Mr. Kuo sought any opportunity to criticize Plaintiff Solomon's performance, speech, and manner and his attitude towards her reflected a deeply-held prejudice against women.  His comments, such as recommending female employees act more submissively, and his actions, like treating female employees as less capable than their male counterparts, created a hostile work environment that ultimately forced Plaintiff Solomon to resign.

### B. Disparate Pay

35.     Upon information and belief, in or around 2015, Plaintiff Solomon's coworker, Mr. Ryan Smith ("Mr. Smith"), Vice President, knew that the Company's female employees were being paid at least 50% less than their male equivalents.

36.     Upon information and belief, Mr. Smith knew that the Company's unequal pay practices were a systemic issue that all female employees were suffering under.

37.     Upon information and belief, Mr. Smith complained to Mr. Kuo that he believed the Company was unlawfully discriminating against its female employees and was violating the Equal Pay Act.

38.     Upon information and belief, Mr. Kuo ignored Mr. Smith's complaint and took no action to either remedy or investigate the matter.

39.     Upon information and belief, Mr. Kuo retaliated against Mr. Smith for standing up against his unlawful employment practices by creating a hostile work environment which eventually resulted in Mr. Smith resigning his position.

40.     After witnessing Mr. Kuo's retaliation, Plaintiff Solomon became even more wary about making a complaint despite continuing to suffer discrimination in violation of the Equal Pay Act.

**C.  Denial of Promotions**

41.     In or around 2016, Plaintiff Solomon asked Mr. Kuo for a raise. She had been working at the Company for around three years and had only received small, inconsequential cost of living salary increases despite her consistent performance.

42.     Mr. Kuo denied her request for a raise and notified her that there had been complaints about her "abrasive" e-mail manner. Plaintiff Solomon was surprised to receive this complaint, especially since Mr. Kuo and other male employees were pointedly brusque in their e-mail communication towards her and other female employees. However, to her knowledge, no male employees were criticized for their harsh e-mail manner.

43.     Plaintiff Solomon spent the next year forcing her e-mail communication and tone to conform to the feminine stereotypes: passive, submissive, and non-confrontational. She received no further complaints from Mr. Kuo or any other coworkers.

44.    In or around 2017, Plaintiff Solomon asked Mr. Kuo for a raise again. She had been with the Company for around four years now and had only received inconsequential cost of living salary increases. Mr. Kuo rejected her request again and brought up last year's complaint about her "abrasive" e-mail manner. Plaintiff Solomon pointedly asked if Mr. Kuo had received any additional complaints in the past year. He begrudgingly agreed that there were no additional complaints about her communication or her performance. Yet he continued to refuse providing her a raise.

45.    Upon information and belief, the equivalent male employees at the Company received at least annual raises prior to and after Mr. Kuo's denial of Plaintiff Solomon's raise.

### D. Hostile Work Environment

46.    Mr. Kuo, as Co-Founder of The Social Edge, perpetuated a hostile work environment where female employees were treated as second-class employees. Mr. Kuo's comments and treatment toward Plaintiff Solomon and her female coworkers demonstrated his prejudice based on antiquated stereotypes of women.

47.    Plaintiff Solomon personally witnessed Mr. Kuo insult another female co-worker during a meeting without any justification or purpose.

48.    Mr. Kuo made an effort to make Plaintiff Solomon feel like a second-class employee. Despite her tenure and performance, Mr. Kuo would force her to arbitrarily move desks in order to give desk-space to newly hired male employees.

49.    Plaintiff Solomon was bullied by male coworkers who, in an effort to mimic their superior, Mr. Kuo, took pleasure in reinforcing negative stereotypes about women in the workplace. In one such instance, an employee Steve Damron, ("Mr. Damron"), humiliated Plaintiff Solomon in a group email by sending her a condescending link, meant to demonstrate

her inability to perform her job. Prior to the incident, Plaintiff Solomon and a male coworker sent an e-mail, complaining that their team did not have the necessary tools to complete a task, to Mr. Damron and Mr. Kuo. A male coworker brought up the issue first and Plaintiff Solomon sent a second e-mail, agreeing with him and asking for help. While her male colleague was met with assistance, Plaintiff Solomon was humiliated by Mr. Damron, who sent her a link to a site called: "Let Me Google That For You." This site was created for the specific intent of passive-aggressively criticizing co-workers, friends, or family by insinuating their questions are stupid. Mr. Damron sent his bullying response to Plaintiff Solomon's fellow coworkers, including Mr. Kuo. No action was taken against Mr. Damron's bullying.

### E.  Mishandling of Complaints and Retaliation

50.    During the Fall of 2017, Mr. Kuo and Mr. Lorenzo Thione, the Co-Founder and CEO, attempted to force Plaintiff Solomon to take the responsibilities of a department head but refused to provide her a comparable raise, additional benefits, or a new employment agreement.

51.    Plaintiff Solomon refused to take the position without a comparable wage. For good measure, she also pointed out the Company's unlawful violation of the Equal Pay Act.

52.    Mr. Kuo and Mr. Thione, when confronted with the facts of their unequal pay for equal work, offered to give her a below-standard raise of $3,000 annually. They additionally sought to punish her by adding on cumbersome work with the nominal raise.

53.    Plaintiff Solomon again complained that the salary was too low for the position. Mr. Kuo dismissed her complaints as unimportant and offered to review the matter next year, saying: "Maybe we'll give you a raise next performance review."

//

//

### F. Constructive Discharge

54.     As a result of Defendants' discrimination and harassment, Plaintiff's environment

became unbearable.

55.     Mr. Kuo and Mr. Thione were forcing Plaintiff Solomon to take a new,

punishingly difficult position with an insultingly low wage in comparison to her male coworkers.

Plaintiff Solomon felt she had no choice but to resign.

56.     After watching Mr. Kuo retaliate against Mr. Smith, Plaintiff Solomon was under

the belief that the unlawful activity would continue at the Company and her complaints would

never be addressed or resolved.

57.     In September 2017, Plaintiff resigned from the Company because no reasonable

person could been expected to work under such severe conditions.

### G. Retaliation and Termination

58.     Plaintiff was pressured by Defendants to continue working as a contractor, despite

have just forced her out of the Company. Defendants promised they would allow Plaintiff to

work from home in order for her to finish her remaining projects.

59.     Plaintiff agreed and signed an Agreement to work as a contractor. She hoped that

if she were working from home, she would be able to avoid the brunt of Defendant's

discriminatory comments and retaliation.

60.     Plaintiff agreed to work from home as an hourly employee for $25 an hour.

61.     However, Defendants continued their discriminatory and retaliatory practice

towards Plaintiff in response to her multiple complaints and her attempt to resign.

62.     After one week, the Social Edge abruptly cut off Plaintiff's access to Company

equipment, terminated her Agreement, and then refused to compensate her for her hours worked.

13

63.     Plaintiff was never paid for her final week of work despite multiple requests by Plaintiff.

64.     Defendants continue their unlawful employment practices against female employees as of the date of the filing of this action.

## FIRST CAUSE OF ACTION

### (Individual and Class)

### Violation of Title VII of the Civil Rights Act Of 1964 – Gender Discrimination
### 42 U.S.C. § 2000e, *et seq.*

65.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

66.     During the relevant time period, Defendants discriminated against Plaintiff and all members of the class in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting them to different treatment on the basis of their gender. Plaintiff has suffered both disparate impact and disparate treatment as a result of Defendants' wrongful conduct.

67.     Defendants discriminated against Plaintiff and all members of the class by treating them differently from and less preferable than similarly-situated male employees and by subjecting them to discriminatory pay, discriminatory denial of promotions, discriminatory performance evaluations, disparate terms and conditions of employment, and other forms of discrimination, in violation of Title VII.

68.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff and all members of the class, entitling Plaintiff and all members of the class to punitive damages.

69.     By reason of the continuous nature of Defendants' discriminatory conduct, which persisted throughout the employment of Plaintiff and the members of the class, Plaintiff and the members of the class are entitled to application of the continuing violations doctrine to all violations alleged herein.

70.     As a result of Defendants' conduct alleged in this complaint, Plaintiff and the members of the class have suffered and continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

71.     Despite the hours worked by Plaintiffs and the members of the EPA Collective Action, Defendants willfully, in bad faith, and in knowing violation of the EPA, failed and/or refused to pay Plaintiffs and the members of the EPA Collective Action the appropriate compensation.

72.     Plaintiffs and the members of the class seek recovery of their attorneys' fees and costs to be paid by Defendants, under 42 U.S.C. § 2000e-5(k), and all remedies available for violations of Title VII, including an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Individual and Class)

### Violation of the Fair Labor Standards Act of 1938, As Amended by the Equal Pay Act of 1963 – 29 U.S.C. §§ 206, et seq.

### Denial of Equal Pay for Equal Work

73.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

74.     Defendants, an employer of Plaintiff and EPA Collective Action Plaintiffs within the meaning of the Equal Pay Act, has discriminated against Plaintiff and EPA Collective Action

Plaintiffs in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as Amended by the Equal Pay Act of 1963, by subjecting them to unequal pay on the basis of sex.

75.    Defendants has discriminated against Plaintiff and all members of the class by treating them differently from and less preferable than similarly-situated male employees, who performed similar jobs or demonstrated equal skill and responsibility. Defendants subjected Plaintiffs to discriminatory pay, discriminatory denial of bonuses and other compensation, discriminatory denial of promotions and other advancements which would result in higher compensation, and other forms of discrimination in violation of Equal Pay Act

76.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff and all members of the class, entitling Plaintiff and all members of the class to punitive damages. Additionally, Defendants knew of or demonstrated unlawful disregard for the fact that its conduct was in violation of the Equal Pay Act.

77.    As a result of Defendants' conduct alleged in this complaint, Plaintiff and the members of the class have suffered and continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

78.    Plaintiffs and the members of the class seek recovery of their attorneys' fees and costs to be paid by Defendants, under 42 U.S.C. § 2000e-5(k), and all remedies available for violations of EPA, including liquidated damages for all willful violations.

### THIRD CAUSE OF ACTION

**(Individual and Class)**

**Violation of New York Executive Law § 296, 1(a)**

**Gender Discrimination**

79.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

80.    Defendants discriminated against Plaintiff and all members of the class in violation of Section 296, 1(a) of the New York Executive Law, by subjecting them to different treatment on the basis of their gender.

81.    Defendants has discriminated against Plaintiff and all members of the class by treating them differently from and less preferable than similarly-situated male employees by subjecting them to discriminatory pay, discriminatory denial of promotions, discriminatory performance evaluations, disparate terms and conditions of employment, and other forms of discrimination, in violation of New York Executive Law.

82.    As a result of Defendants' conduct alleged in this complaint, Plaintiff and the members of the class have suffered and continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

83.    Plaintiffs and the members of the class seek all remedies available for violations of the New York Executive Law.

### FOURTH CAUSE OF ACTION
**(Individual and Class)**
**Violation of New York City Administrative Code § 8-107, 1(a)**
**Gender Discrimination**

84.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

85.     Defendants discriminated against Plaintiff and all members of the class in violation of § 8-107, 1(a) of the New York City Administrative Code, by subjecting them to different treatment on the basis of their gender.

86.     Defendants has discriminated against Plaintiff and all members of the class by treating them differently from and less preferable than similarly-situated male employees by subjecting them to discriminatory pay, discriminatory denial of promotions, discriminatory performance evaluations, disparate terms and conditions of employment, and other forms of discrimination, in violation of New York Executive Law.

87.     As a result of Defendants' conduct alleged in this complaint, Plaintiff and the members of the class have suffered and continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, other financial loss, and non-economic damages.

88.     Plaintiffs and the members of the class seek all remedies available for violations of the New York City Administrative Code, including an award of punitive damages.

### FIFTH CAUSE OF ACTION
**(Individual and Class)**
**Violation of the New York Equal Pay Law – N.Y. Labor Law § 194**
**Denial of Equal Pay for Equal Work**

89.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

90.     Defendants, an employer of Plaintiff and EPA Collective Action Plaintiffs within the meaning of the Equal Pay Act, has discriminated against Plaintiff and all members of the class in violation of the New York Labor Law § 194 by subjecting them to unequal pay on the basis of sex.

91.     Defendants has discriminated against Plaintiff and all members of the class by treating them differently from and less preferable than similarly-situated male employees, who performed similar jobs or demonstrated equal skill and responsibility. Defendants subjected Plaintiffs to discriminatory pay, discriminatory denial of bonuses and other compensation, discriminatory denial of promotions and other advancements which would result in higher compensation, and other forms of discrimination in violation of the New York Equal Pay Law.

92.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff and all members of the class, entitling Plaintiff and all members of the class to punitive damages. Additionally, Defendants knew of or demonstrated unlawful disregard for the fact that its conduct was in violation of the Equal Pay Act.

93.     Plaintiffs and the members of the class seek recovery of all remedies available for violations of New York Labor Law § 194, including liquidated damages and attorney's fees for all willful violations.

## SIXTH CAUSE OF ACTION
### (Individual Claim - Plaintiff Solomon)
### Violation of Title VII – Retaliation 42 U.S.C. § 2000e-3

94.     Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

95.     Plaintiff repeatedly voiced concerns about Defendants' discriminatory treatment of her, complaining to her supervisor and the co-founder of The Social Edge, Mr. Jay Kuo.

96.     In retaliation for Plaintiff's complaints regarding Defendants' unlawful employment practices, Defendants took adverse employment actions against her, including failing

to provide her equal pay or promote her. Defendants ultimately bullied Plaintiff into resigning by subjecting her to escalating gender discrimination and harassment. However, Defendants sought to further punish Plaintiff for her complaints by terminating her agreement as a contractor and refusing to pay her for her wages as a contractor.

97.    Upon information and belief, other women at The Social Edge who opposed or complained about unlawful gender discrimination were similarly retaliated against.

98.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff, entitling her to punitive damages.

99.    As a result of Defendants' conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

100.    By reason of Defendants' retaliation, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

101.    Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

102.    Plaintiffs is entitled to seek recovery of her attorneys' fees and costs to be paid by Defendants, under 42 U.S.C. § 2000e-5(k), and all remedies available for violations of Title VII, including an award of punitive damages.

**SEVENTH CAUSE OF ACTION**

**(Individual Claim - Plaintiff Solomon)**

**Violations Of The Equal Pay Act,**

**U.S.C. § 215(A)(3)-Retaliation**

103.   Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

104.    Plaintiff repeatedly voiced concerns about Defendants' discriminatory treatment of her, complaining to her supervisor and co-founder of The Social Edge, Mr. Jay Kuo.

105.    In retaliation for Plaintiff's complaints regarding Defendants' unlawful employment practices, Defendants took adverse employment actions against her, including failing to provide her equal pay or promote her. Defendants ultimately bullied Plaintiff into resigning by subjecting her to escalating gender discrimination and harassment. However, Defendants sought to further punish Plaintiff for her complaints by terminating her and refusing to pay her for her wages as a contractor after she agreed to work from home as a contractor following her resignation.

106.    Plaintiff is entitled to all remedies available under the EPA, including liquidated damages for all willful violations.

## EIGHT CAUSE OF ACTION
### (Individual Claim - Plaintiff Solomon)
### Violation Of New York Executive Law § 296 Retaliation

107.   Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

108.    Plaintiff repeatedly voiced concerns about Defendants' discriminatory treatment of her, complaining to her supervisor and co-founder of The Social Edge, Mr. Jay Kuo.

109.    In retaliation for Plaintiff's complaints regarding Defendants' unlawful employment practices, Defendants took adverse employment actions against her, including

21

failing to provide her equal pay or promote her. Defendants ultimately bullied Plaintiff into resigning by subjecting her to escalating gender discrimination and harassment. However, Defendants sought to further punish Plaintiff for her complaints by terminating her and refusing to pay her for her wages as a contractor after she agreed to work from home as a contractor following her resignation.

110.    Plaintiff is entitled to all remedies available under New York Executive Law.

## NINTH CAUSE OF ACTION

### (Individual Claim - Plaintiff Solomon)
### Violation Of New York City Administrative Code§ 8-107, 7 -Retaliation

111.    Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

112.     Plaintiff repeatedly voiced concerns about Defendants' discriminatory treatment of her, complaining to her supervisor and co-founder of The Social Edge, Mr. Jay Kuo.

113.     In retaliation for Plaintiff's complaints regarding Defendants' unlawful employment practices, Defendants took adverse employment actions against her, including failing to provide her equal pay or promote her. Defendants ultimately bullied Plaintiff into resigning by subjecting her to escalating gender discrimination and harassment. However, Defendants sought to further punish Plaintiff for her complaints by terminating her and refusing to pay her for her wages as a contractor after she agreed to work from home as a contractor following her resignation.

114.    Plaintiff is entitled to all remedies available for violations of the New York City Administrative Code, including an award of punitive damages.

## TENTH CAUSE OF ACTION

**(Individual Claim - Plaintiff Solomon)**

**Violation of The New York Equal Pay Law-**

**N.Y. Labor Law § 215 - Retaliation**

115.    Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

116.    Plaintiff repeatedly voiced concerns about Defendants' discriminatory treatment of her, complaining to her supervisor and co-founder of The Social Edge, Mr. Jay Kuo.

117.    In retaliation for Plaintiff's complaints regarding Defendants' unlawful employment practices, Defendants took adverse employment actions against her, including failing to provide her equal pay or promote her. Defendants ultimately bullied Plaintiff into resigning by subjecting her to escalating gender discrimination and harassment. However, Defendants sought to further punish Plaintiff for her complaints by terminating her and refusing to pay her for her wages as a contractor after she agreed to work from home as a contractor following her resignation.

118.    Plaintiff is entitled to all remedies available under the New York Equal Pay Law.

## ELEVENTH CAUSE OF ACTION

**(Individual Claim - Plaintiff Solomon)**

**Violation of New York Labor Laws**

**N.Y. Labor Laws § 191(3) and § 198(1)(a)**

119.    Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

120.    During the relevant time period, as set forth above, Defendants unlawfully failed to pay Plaintiff her final wages by the regular pay day for the pay period during which the termination occurred. Since then, Defendants continue to refuse to pay Plaintiff her final wages.

121.    The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of 198, and as a result, Plaintiff is entitled to liquidated damages and other such legal and equitable relief as the Court deems just and proper.

122.    Plaintiffs is entitled to seek recovery of her attorneys' fees and costs to be paid by Defendants, as provided by the NYLL.

## TWELFTH CAUSE OF ACTION
### (Individual Claim - Plaintiff Solomon)
### Aiding and Abetting in
### Violation of New York City Human Rights Law

123.    Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

124.    Defendant Kuo and Thione knowingly or recklessly aided, abetted, and participated directly in the unlawful employment practices, discrimination, and retaliation against Plaintiff in violation of the City HRL.

125.    As a direct and proximate result of Defendant Kuo's and Thione's unlawful conduct in violation of the City HRL; Plaintiff has suffered and continues to suffer monetary and/or economic damages; including, but not limited to; loss future income, compensation, and benefits for which she is entitled to an award of damages.

126.    As a direct and proximate result of Defendant Kuo's and Thione's unlawful conduct in violation of the City HRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

127.    Defendant Kuo's and Thione's unlawful discriminatory and retaliatory actions against Plaintiff in violation of the City HRL were outrageous and malicious, were intended to injure Plaintiff, and were done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### (Individual Claim - Plaintiff Solomon)
### Aiding and Abetting in
### Violation of New York State Human Rights Law

128.    Plaintiff Solomon alleges and incorporates by reference the allegations in the preceding paragraphs.

129.    At all relevant times, Defendant Kuo and Thione had the independent authority to supervise and control Plaintiff's conditions of employment and compensation.

130.    At all relevant times, Defendant Kuo and Thione knowingly, willfully, and maliciously provided aid and abetted in Defendants' discriminatory and retaliatory employment practices against Plaintiff in violation of the State HRL.

131.    As a direct and proximate result of Defendant Kuo's and Thione's unlawful conduct in violation of the State HRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss future income, compensation, and benefits for which she is entitled to an award of damages.

132.    As a direct and proximate result of Defendant Kuo's and Thione's unlawful conduct in violation of the State HRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the proposed EPA Collective Action and New York Class, pray for the following relief:

A.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.    A judgment declaring that the actions, conduct, and practices of Defendants complained of herein violated the laws of the United States and the State and City of New York;

C.    That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.    That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E.    An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F.      An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.      An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H.      An award to Named Plaintiffs of all applicable statutory damages to which they are entitled;

I.      An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J.      An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

K.      An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

L.      Any other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

//

//

//

//

//

//

27

Dated: January 12, 2018
      New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____

Benjamin Weisenberg
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE
PROPOSED CLASSES*