**OTTINGER**
EMPLOYMENT LAWYERS

Benjamin D. Weisenberg
Direct: 212.256.1902
benjain@ottingerlaw.com

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

October 19, 2018

**VIA ECF**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    **Rachael Solomon v. The Social Edge Network, Inc., et al.**
              **Civil Action No.: 1:18-cv-01571-ER**

Dear Judge Ramos:

    This letter, jointly submitted by named Plaintiff Rachael Solomon and opt-in plaintiff Sandie Cheng (collectively referred to as "Plaintiffs") and Defendants The Social Edge Network, Inc., Jay Kuo, and Lorenzo Thione (collectively referred to as "Defendants"), is provided to the Court to allow the Court to assess whether the proposed settlement in this matter is fair, reasonable, and adequate. The parties' settlement agreement complies with Cheeks v. Freeport Pancake House Inc., 796 F.3d 199 (2d Cir. 2015) and reflect a compromise between the Plaintiffs and Defendants. Accordingly, the parties respectfully request that the Court approve the agreement.

    I.    **Background**

    Defendant The Social Edge Network, Inc. ("TSE") is a start-up technology company that provides services to publishers, influencers, and social media users. Defendants Jay Kuo ("Kuo") and Lorenzo Thione ("Thione") co-founded TSE and serve as the Chief Creative Officer ("CCO") and Chief Executive Officer ("CEO"), respectively.

    Plaintiff Rachael Solomon ("Solomon") was initially hired as an Executive Coordinator (Office Manager) in September 2013 by another company owned by Kuo and Thione called Sing Out Louise! Productions LLC. In 2015, Solomon became an employee of TSE. Ultimately, on September 7, 2017, Solomon's employment relationship with TSE ended.

    On February 21, 2018, Solomon commenced the instant collective and class action asserting unequal pay, gender discrimination with respect to compensation, and retaliation against TSE. Solomon also alleged that Kuo and Thione aided and abetted these conduct. The ten-count complaint alleged claims under the Equal Pay Act, Title VII, the New York State Human Rights Law, the New York Labor Law, and the New York City Human Rights Law. (ECF Doc. 1).

    On March 28, 2018, the Court referred the case to mediation as part of the Court's Fair Labor Standards Act ("FLSA") Pilot Program. (ECF Doc. 16).

Error! Unknown document property name.
Page 2 of 3

Prior to mediation, Sandie Cheng ("Cheng"), another former employee of TSE, filed a consent to join the collective action and become a plaintiff in the lawsuit. (ECF Doc. 17).

The parties participated in two separate days of mediation and ongoing settlement discussions with court-appointed mediator Joyce Campbell Priveterre, Esq. Ms. Priveterre was instrumental in assisting the parties to reach a settlement. Ultimately, Ms. Priveterre made a mediator's proposal, which was accepted by both sides, and resulted in the agreement presently before the Court.

## II.   The Proposed Settlement Accounts for Substantial Litigation Risk

From the beginning of the action, the parties have held very different views about the merits of the claims. The parties' respective views differed as to whether Plaintiffs were paid less than their male counterparts for equal work, whether Plaintiffs had any male comparators, and whether Plaintiffs were subject to discrimination. The determination of whether Plaintiffs received equal pay for equal work and who would be considered an appropriate comparator involves a fact-specific inquiry into the terms and conditions of employment for each employee at TSE. A resolution would require a close evaluation of numerous issues of fact. Due to the fact-intensive nature of these inquiries, it is likely that these issues would not be resolved until after significant discovery and briefing, if not at trial. Accordingly, resolving the action on behalf of the Plaintiffs at this early juncture provides certainty in that they will receive compensation for their alleged wage and discrimination claims.

## III.   Settlement Terms

As set forth in the attached Settlement Agreement, the parties have agreed to settle this action for a total settlement amount of $67,000, divided among the two Plaintiffs as set forth below, with $22,333.33 allocated as attorneys' fees.

Solomon will receive a total settlement amount of $44,666.67, which shall be paid as follows:

- $14,888.89, less applicable payroll taxes and withholdings, for lost wages;
- $14,888.89 related to her claims for emotional distress, pain, suffering, and humiliation; and
- $14,888.89 for attorneys' fees and costs.

Cheng will receive a total settlement amount of $22,333.33, which shall be paid as follows:

- $7,444.45, less applicable payroll taxes and withholdings, for lost wages;
- $7,444.44 related to her claims for emotional distress, pain, suffering, and humiliation; and
- $7,444.44 for attorneys' fees and costs.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiffs could recover higher damages if the case proceeded to trial, there is also the possibility that they could receive much lower damages, or nothing at all. As such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiffs will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment since the parties would need to engage in written discovery, take

Error! Unknown document property name.
Page 3 of 3

depositions, brief motions on the merits, and engage in further discovery for any additional plaintiffs who might join at a later stage of the case before trial could commence. The settlement amounts will be made available to the Plaintiffs without the uncertainty and delay of trial.

The attorneys' fee award represents one-third of the total settlement amount and is reasonable in light of the amount of work that Plaintiffs' counsel has put into this case, including researching and investigating the claims, filing the lawsuit, attending two days of mediation, and negotiating the settlement. Plaintiffs' counsel conducted an in-depth and detailed inquiry regarding Plaintiff's compensation and job duties, and commenced this action. These efforts placed Plaintiffs' counsel in a favorable position to engage in settlement discussions. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf.

As demonstrated above, the settlement is a result of substantial negotiations, assisted by Ms. Priveterre, and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiffs in light of the risks of litigation and should be approved.

We appreciate Your Honor's attention to this matter. Please contact the undersigned should you have any questions regarding this submission.

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____
Benjamin Weisenberg, Esq.
The Ottinger Firm, P.C.
401 Park Avenue South
New York, New York 10016
Phone: (212) 571-2000
Fax: (212) 571-0505
E-mail: benjamin@hottingerlaw.com

*Attorneys for Plaintiffs*

**FISHER & PHILLIPS LLP**

By: _____
David E. Strand, Esq.
Fisher & Phillips LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
E-mail: dstrand@fisherphillips.com

*Attorneys for Defendants*

Attachment [settlement agreement].